UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDDIE BILLS, JR.,

       Petitioner,                                        Case No. 00-10457-BC

v.                                                                 Honorable David M. Lawson

THOMAS BIRKETT,

       Respondent.

_____/

## ORDER DENYING MOTION FOR DISQUALIFICATION

On March 15, 2006, the petitioner filed a motion for disqualification, arguing that the Court is "engaged in a conspiracy" to violate his habeas rights. This matter began when the petitioner filed a petition for writ of habeas corpus on November 30, 2000. After several motions were decided among a number of interlocutory appeals, the Court filed an opinion denying the petition on the merits on November 22, 2002 and entered judgment that same day. On December 9, 2002 the petitioner filed a motion for relief from judgment, which the Court denied on December 20, 2002. Thereafter, the petitioner sought a certificate of appealability from the Court of Appeals for the Sixth Circuit, and that request, along with the appeal, was denied on June 23, 2003. *See* dkt. no. 116. The petitioner then submitted a petition for writ of certiorari, which the Supreme Court denied on February 23, 2004. *See* dkt. no. 124. Thereafter, the petitioner filed other motions for summary judgment and miscellaneous relief, all of which have been denied because the case has been decided and is closed.

The petitioner was entitled to challenge his state court conviction and sentence by filing a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254. He availed himself of that right and took his claim to the United States Supreme Court – as far as it could go. That matter was finally decided

against him. If he seeks further relief in federal court from his confinement, he must do so in a separate case filed in accordance with the applicable statutes dealing with subsequent habeas petitions. The present case, however, is over. The Court cannot disqualify itself from this matter because the case is closed.

Even if it were not, however, the petitioner has presented no grounds for disqualification. A request that the Court recuse itself from the case can only be granted for cause. *See McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1262 (5th Cir. 1983) (parties do not have the right to a judge of their choice). Having analyzed the nature of the petitioner's allegations, the Court liberally construes the petitioner's motion to request a disqualification on the ground of bias or prejudice. *See* 28 U.S.C. §§ 144, 455(b)(1). The Court has found no grounds to justify its recusal from this case. To the extent that the petitioner presumes (incorrectly) that the Court's orders exhibit irritation or impatience, he has not stated a valid ground mandating recusal. *See United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997). The request for recusal will therefore be denied.

Accordingly, it is **ORDERED** that the petitioner's motion for disqualification [dkt. # 177] is **DENIED**. This case is closed.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: March 17, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 17, 2006.

> s/Tracy A. Jacobs
> TRACY A. JACOBS